# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL J. LAWRENZ,

      Plaintiff,

v.                                         Case No. 22-CV-1473

KATRINA BRUCKER, *et al.*,

      Defendants.

## ORDER

On November 3, 2023, plaintiff Michael J. Lawrenz, who is incarcerated and representing himself, filed a motion to appoint counsel. (ECF No. 34.) On November 13, 2023, he filed a motion for injunctive relief asserting that he has limited access to the law library. (ECF No. 35.)

Addressing the motion to appoint counsel first, in a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022). Prior to the consent of the parties, Chief Judge Pamela Pepper determined that Lawrenz satisfied the first prong. (ECF No. 8 at 23.)

Turning to the second prong, when considering whether a plaintiff has the capacity to represent himself, the court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Lawrenz states that he needs a lawyer because his case is complex and he has limited access to the law library. Currently, this case is in the discovery phase and dispositive motions are not due until April 19, 2024. Discovery consists of written interrogatories (questions) and requests for documents. A person does not need to be well-versed in the law to ask or truthfully answer questions.

Concerning dispositive motions, in cases such as this a dispositive motion is typically a motion for summary judgment. In such a motion a defendant moves the

2

court to dismiss the case because it believes there are no genuine disputes of material fact and that the defendant is entitled to judgment as a matter of law. Should the defendants file a motion for summary judgment in this case, Lawrenz does not need to be well-versed in the law to respond to the motion, nor does he need to contact experts to respond to a summary judgment motion. Summary judgment rises or falls on whether or not there is a genuine dispute of material fact. Lawrenz clearly knows the facts concerning his case, as his complaint demonstrates. The court is familiar with the law and does not need Lawrenz to explain the legal basis of his claim. Instead, the court needs Lawrenz to tell it which facts asserted by the defendants are in dispute and the basis for Lawrenz's contention that those facts are in dispute. The filings in this case demonstrate that although his case is complex with lots of different defendants located in different institutions, Lawrenz is capable of clearly communicating his issues and concerns. As such, the court believes he is able to participate in discovery and to respond to a summary judgment motion and tell his side of the story should the defendants file such a motion. As such, his motion is denied.

Concerning his motion for an injunction, a preliminary injunction or temporary restraining order is "an extraordinary remedy" that a court may grant only after a "clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7. 22 (2008). To make such a showing, the plaintiff must show that 1) his underlying case has some likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction.

3

*Wood v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). Injunctive relief is appropriate only if it seeks relief from actions similar to the plaintiff's claims in the underlying case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013).

Lawrenz requests the court order that the Wisconsin Department of Corrections provide him meaningful access to the law library. His underlying case deals with the defendants acting with deliberate indifference to his serious medical needs. As such, his motion is denied on the basis that he is not seeking relief from actions similar to his underlying claims. Additionally, the courts should not interfere in the day-to-day operations of prisons because "federal judges know little about the management of prisons; managerial judgment generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system." *Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (citing *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985)). In other words, it would not be appropriate in this context for the court to intervene and order The DOC to provide library access. Lawrenz's institution has an inmate complaint system which he must use if he feels that prison officials are violating policies and procedures or failing to provide him library access. If he is unsatisfied with their resolution, he may file another suit under § 1983. Lawrenz's motion for an injunction is denied.

**IT IS HEREBY THEREFORE ORDERED** that Lawrenz's motion to appoint counsel (ECF No. 34) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Lawrenz's motion for injunctive relief (ECF No. 35) is **DENIED**.

Dated at Milwaukee, Wisconsin this 30th day of November, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge