# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**MICHAEL J. LAWRENZ,**

      Plaintiff,

    **v.**                        **Case No. 22-CV-1473**

**JUSTIN S. RIBAULT***, et al.***,**

      Defendants.

## ORDER

On April 10, 2026, Michael J. Lawrenz, who is incarcerated and representing himself, filed a motion requesting the court enforce its January 16, 2026, order requiring the defendants to provide Lawrenz the inmate number and DOC location of another prisoner, Dontrell A. LaFlore so that Lawrenz could mail an affidavit to him. (ECF No. 165.) On May 5, 2026, Lawrenz filed a motion for the court to reconsider his request to appoint a neutral expert. (ECF No. 172.) On May 14, 2026, Lawrenz filed a "motion to invoke the prison mail box rule" which the court construes as a motion for an extension of time to file a reply in support of his motion requesting the court enforce its order. (ECF No. 173.) This order resolves those motions.

To begin, the court grants Lawrenz's motion for an extension of time to file a reply in support of his motion to enforce, (ECF No. 173), and accepts his late reply, (ECF No. 175). The court will consider it where appropriate when deciding the motion to enforce.

Turning to the motion to enforce, Lawrenz states he was provided LaFlore's location and inmate number on January 17, 2026. (ECF No. 165 at 1.) He then mailed LaFlore the affidavit but did not get a response from him. (*Id.* at 2.) With the help of another prisoner, Lawrenz received information from the Wisconsin Department of Correction's inmate locator that LaFlore had transferred to the Wisconsin Resource Center (WRC). (*Id.*) He requests that instead of mailing the affidavit to LaFlore via the Text Behind mail service, the court order Green Bay Correctional Institution's (GBCI) legal coordinator to send the affidavit directly to WRC's legal coordinator. (*Id.*) The defendants object to this request, noting that it is DOC policy for prisoners to use Text Behind and the US Postal Service to communicate and not use "intra-facility mail". (ECF No.  170 at 2.)

When the court issued its January 16, 2026, order, it expressly ordered the defendants to work with GBCI litigation coordinator to provide Lawrenz with LaFlore's inmate number and DOC location, or if the litigation coordinator was unable to provide that information to Lawrenz, find another way to have Lawrenz be able to contact LaFlore. The defendants have fulfilled this obligation. While LaFlore may have transferred before receiving the affidavit, it appears that Lawrenz has his contact information. He must use the prescribed DOC process to send the affidavit to LaFlore. His motion is denied.

Lawrenz also moves under Federal Rule of Civil Procedure 59(e) and 60(b) for the court to reconsider its motion denying appointment of a neutral expert. (ECF No. 172.) Fed. R. Civ. P 59(e) and 60(b) are the rules for final orders. The order in question is

interlocutory, which is governed by Fed. R. Civ. P. 54. "Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Forester-Hoare v. Freeman*, No. 24-CV-557-JPS, 2025 WL 2877856, at *1 (E.D. Wis. Oct. 9, 2025) (citing *Ghashiyah v. Frank*, No. 05-CV-766, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008)). The standard under Rule 54 is substantially similar to the standard applied under Rule 59(e): the court "may grant it if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the court previously misunderstood a party's argument." *Id.*

The court's determination was not a clearly established manifest error of law or fact, nor did the court misunderstand Lawrenz's argument. Lawrenz is taking issue with the way the court applied the law to his request, which is not a basis to reconsider the motion. His motion is denied.

Finally, the court stayed the briefing schedule for the defendants' motion for summary judgment pending resolution of these motions. The court lifts the stay. Lawrenz's response is now due **August 10, 2026**. The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules. Lawrenz should note that the court is unlikely to grant any additional extensions absent extraordinary circumstances.

**IT IS HEREBY THEREFORE ORDERED** that Lawrenz's motion for extension of time to file a reply in support of his motion to enforce (ECF No. 173) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lawrenz's motion to enforce the court's January 16, 2026, order (ECF No. 165) is **DENIED**.

**IT IS FURTHER ORDERED** that Lawrenz's motion for reconsideration (ECF No. 172) is **DENIED**.

**IT IS FURTHER ORDERED** that the stay on the briefing of the defendants' motion for summary judgment is **LIFTED**. Lawrenz's response is now due **August 10, 2026.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

Dated at Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

4